UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00069 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RODERICK JOHNSON | MAG. JUDGE KAREN L. HAYES |

**WRITTEN REASONS FOR RULING ON MOTION FOR DOWNWARD DEPARTURE AND NON-GUIDELINES SENTENCE**

A sentencing hearing for Defendant Roderick Johnson ("Johnson") was held on November 30, 2015. During that hearing the Court considered Johnson's Motion for a Downward Departure or Variance. The Court denied Johnson's Motion for Downward Departure under U.S.S.G. § 5H1.3 based on his mental or emotional condition, but granted a variance from the Guidelines range of imprisonment based on those factors set forth in 18 U.S.C. § 3553(a).

The Court now issues these written reasons for its ruling.

Johnson pled guilty to one count of possession of a firearm by a convicted felon. The facts show that the firearm was locked in a briefcase and placed on a shelf in a closet in the home Johnson shared with his girlfriend and children. There is no evidence that Johnson used the firearm in drug trafficking or other illegal activities. Once the firearm was discovered, Johnson immediately admitted responsibility. Since that time, he pled guilty, significantly reducing the Government and Court resources allocated to this case.

Following his guilty plea and the issuance of the Pre-Sentence Report, Johnson underwent a competency examination and psychological evaluation by a Bureau of Prisons psychologist. In his report, which was admitted into evidence, the psychologist opined that Johnson was competent, but that he suffered from post-traumatic stress disorder and from mental illness as a

result of drug abuse.

Neither Johnson nor the Government objected to the Probation Officer's calculation of the Guidelines range. Additionally, neither party objected to the findings of the BOP psychologist nor did either party present other evidence of Johnson's mental illness. After reviewing that report, the Court accepted the psychologist's findings, adjudged Johnson competent to proceed, and held the sentencing hearing.

The Court first addressed Johnson's argument that he should be sentenced to a lesser term of imprisonment based on a departure under U.S.S.G. § 5H1.3. United States Sentencing Guidelines Section 5H1.3 instructs that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." Based on the evidence presented, the Court found that Johnson suffered from mental illness, but that his mental illness was not present to such an unusual degree that he should receive a reduction under U.S.S.G. § 5H1.3, and, thus, denied Johnson's Motion for Downward Departure.

However, Johnson also moved for a variance from the Guidelines range of imprisonment pursuant to 18 U.S.C. § 3553(a). The Court thus also considered whether the recommended Guideline range of imprisonment reasonably addressed Johnson's criminal conduct and adequately reflected (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further

crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) pertinent sentencing commission policy statements; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

After full consideration, the Court found that the term of imprisonment recommended under the Guidelines was a greater penalty than necessary to address Johnson's criminal conduct. Particularly, the Court found that a variance from the Guidelines was justified by Johnson's mental illness when considered in combination with his other history and the nature and circumstances of this crime. The psychologist's report showed that Johnson suffered a very difficult childhood, a lengthy history of drug abuse, and two significant traumatic events resulting in his PTSD. There was no evidence that Johnson was engaged in other criminal activity or that he used the firearm in furtherance of any criminal activity. He immediately accepted responsibility for his crime by acknowledging that the firearm belonged to him and continued to accept responsibility by pleading guilty. Based on all these facts, the Court GRANTED Johnson's request for a variance under the § 3553(a) factors. The Court deviated from the Guidelines to sentence Johnson to serve 60 months of imprisonment.

MONROE, LOUISIANA, this 2nd day of December, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE